UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MICHAEL F.,

                               Plaintiff,

                  v.

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,

                               Defendant.
_____

<u>DECISION AND ORDER</u>

21-CV-0446L

        Plaintiff appeals from a denial of disability benefits by the Commissioner of Social Security ("the Commissioner"). The action is one brought pursuant to 42 U.S.C. §405(g) to review the Commissioner's final determination.

        On June 27, 2019, plaintiff filed applications for a period of disability and disability insurance benefits, and for supplemental security income, alleging an inability to work since October 1, 2017. (Dkt. #6 at 15). His applications were denied initially, and on reconsideration. Plaintiff requested a hearing, which was held on July 14, 2020 via teleconference before Administrative Law Judge ("ALJ") Dale Black-Pennington. The ALJ issued an unfavorable decision on September 23, 2020, concluding that plaintiff was not disabled under the Social Security Act. (Dkt. #6 at 15-25). That decision became the final decision of the Commissioner when the Appeals Council denied review on February 2, 2021. (Dkt. #6 at 1-3). Plaintiff now appeals.

The plaintiff has moved pursuant to Fed. R. Civ. Proc. 12(c) for judgment vacating the ALJ's decision and remanding the matter for further proceedings (Dkt. #8), and the Commissioner has cross moved for judgment dismissing the complaint (Dkt. #9). For the reasons set forth below, the plaintiff's motion is granted, the Commissioner's cross motion is denied, and the matter is remanded for further proceedings.

## DISCUSSION

Familiarity with the five-step evaluation process for determining Social Security disability claims is presumed. *See* 20 CFR §404.1520. The Commissioner's decision that plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ has applied the correct legal standards. *See* 42 U.S.C. §405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir.2002).

I.   The ALJ's Decision

Plaintiff was born December 10, 1985, and was thirty-one years old on the alleged onset date, with a high school education and past relevant work as a swimming pool servicer and production line assembler. (Dkt. #6 at 23). His medical records reflect a history of degenerative disc disease of the lumbar spine, history of Guillain-Barre Syndrome (a neurological disorder found by the ALJ to have "resolved" with treatment), history of osteoarthritis, opioid dependence in remission, and history of alcohol abuse, which the ALJ found to be severe impairments not meeting or equaling a listed impairment. (Dkt. #6 at 18).

Plaintiff's medical history also included a diagnosis of, and treatment for, anxiety. In applying the special technique for mental impairments, the ALJ determined that plaintiff has "no more than mild" limitations in any of the relevant areas: understanding, remembering, or applying information; interacting with others; concentration, persistence and pace; and adapting or

managing himself. (Dkt. #5 at 18-19). Because plaintiff's mental health limitations were no more than mild in any area, the ALJ found plaintiff's mental health impairments to be non-severe.

Upon review of the record, the ALJ determined that the plaintiff retained the residual functional capacity ("RFC") to perform medium work, with the ability to stand and/or walk for up to four hours in an 8-hour workday and sit for up to six hours in an 8-hour workday. Plaintiff requires the ability to shift position at will, and can lift and/or carry up to 20 pounds frequently and 50 pounds occasionally. He can frequently handle, finger, or feel, and can no more than occasionally bend, kneel, or squat. (Dkt. #6 at 20).

When presented with this RFC at the hearing, vocational expert ("VE") Joseph Young testified that a person with this RFC would be unable to perform plaintiff's past relevant work, but could instead perform the representative occupations of Cashier II, Marker, and Routing Clerk. (Dkt. #6 at 24). The ALJ accordingly found plaintiff not disabled.

**II.     The ALJ's Step Two Analysis**

At Step Two of his analysis, the ALJ discussed plaintiff's diagnosis of anxiety and applied the special technique, but found it to be a non-severe impairment. (Dkt. #5 at 18-19).

A "severe" impairment is defined as, "any impairment or combination of impairments which significantly limits [a claimant's] physical or mental ability to do basic work activities," 20 CFR §404.1520(c), and which meets the 12-month durational requirement. *See* 42 USC §423(d)(1)(A). Notwithstanding the regulation's use of the word "significantly," the Step Two evidentiary requirement is *de minimis*, and intended only to screen out the truly weakest of cases. *Dixon v. Shalala*, 54 F.3d 1019, 1030 (2d Cir. 1995). Thus, a Step Two finding of non-severity is only appropriate where "the medical evidence establishes only a slight abnormality . . . which

would have *no more than a minimal effect* on an individual's ability to perform basic work activities." SSR 85-28, 1985 SSR LEXIS 19 (1985)(emphasis added).

Furthermore, regardless of whether an impairment is found to be severe, the ALJ is ultimately required to "consider the combined effect of all of [a claimant's] impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity" to establish disability. *Melendez v. Commissioner*, 2020 U.S. Dist. LEXIS 131543 at *8 (W.D.N.Y. 2020)(citing 20 CFR §§404.2534(c), 416.923(c)).

Plaintiff argues that the ALJ erred in finding that plaintiff's anxiety was non-severe at Step Two, and thus formulated an RFC which failed to account for any of plaintiff's nonexertional limitations, regardless of severity. Plaintiff also contends that even if the ALJ's finding of non-severity was proper, the ALJ erred in failing to consider the effect of plaintiff's anxiety on his RFC.

The Court concurs. With respect to plaintiff's anxiety, the record contained mental health treatment notes reflecting a history of monthly therapy and medication. Multiple physicians, including consulting psychologist Dr. Janine Ippolito, and state agency reviewers Dr. S. Juriga and Dr. M. Butler, contributed mental RFC assessments. (Dkt. #6 at 84-85, 507-510, 517-19).[1]

Dr. Ippolito examined plaintiff on August 30, 2019, and diagnosed unspecified anxiety disorder, unspecified depressive disorder, alcohol use disorder, opiate use disorder in remission, and a rule-out diagnosis of attention deficit hyperactivity disorder. (Dkt. #6 at 507-10). Dr. Ippolito opined that plaintiff had mild limitations with respect to maintaining attention and concentration and applying complex directions and instructions, and moderate limitations in making

---

[1] The record also contained a June 12, 2020 opinion by plaintiff's treating licensed clinical social worker, Ms. Megan Swanson. (Dkt. #6 at 569-74.) The ALJ found that opinion only partially persuasive, due to its inconsistency with treatment notes and other medical evidence of record, which the ALJ identified in his decision. The Court finds no error in the ALJ's consideration of Ms. Swanson's opinion.

work-related decisions, regulating emotions, controlling behavior, and maintaining well-being. (Dkt. #6 at 509). Dr. Butler and Dr. Juriga reviewed the record, and opined that plaintiff's mental health conditions were "non-severe". (Dkt. #6 at 84-85, 517-19).

The ALJ found the opinions of Dr. Ippolito, Dr. Butler, and Dr. Juriga to be "persuasive," because they were "well-supported by the record." The ALJ then proceeded to describe the three opinions as unanimously indicating that plaintiff's anxiety "caused no more than 'mild' limitation in any of the functional areas and no more than minimal work-related limitations overall." (Dkt. #6 at 19). Based on that characterization, the ALJ concluded that plaintiff's mental impairments were non-severe.

This was error. Contrary to the ALJ's statement that Dr. Ippolito's persuasive opinion reflected no more than "mild" limitations, Dr. Ippolito had in fact assessed "moderate" limitations in the exercise of judgment, regulating emotions, controlling behavior, and maintaining well-being. (Dkt. #6 at 509). The ALJ did not acknowledge this portion of Dr. Ippolito's opinion, explain why he was rejecting it, or otherwise attempt to reconcile it with his finding that plaintiff's mental limitations were no more than "mild." Indeed, in concluding that Dr. Ippolito's opinion supported his finding of "no more than mild" limitations, the ALJ only referred to Dr. Ippolito's objective examination findings that plaintiff was well-groomed and properly oriented to time, person and place, and Dr. Ippolito's opinion that plaintiff was capable of maintaining an ordinary work routine and attendance. (Dkt. #6 at 18-19). The ALJ's selective reinterpretation of Dr. Ippolito's objective findings, to reach a different ultimate conclusion than Dr. Ippolito had with respect to the severity of plaintiff's limitations, amounted to a blatant substitution of layperson opinion for competent medical opinion. *See Greek v. Colvin*, 802 F.3d 370, 375 (2d Cir. 2015).

Moreover, even assuming *arguendo* that the ALJ properly concluded that plaintiff's anxiety was non-severe and that his mental limitations were no greater than "mild," remand would nonetheless be appropriate, for the purpose of redetermining plaintiff's RFC to take his mental health limitations into account. Here, despite finding that plaintiff had up to "mild" limitations in all four areas of mental functioning, the ALJ did not include any nonexertional limitations in his RFC determination – or explain why such limitations were not necessary – nor did he otherwise indicate that he had considered plaintiff's mental impairments in formulating the RFC. Whether this was because the ALJ had determined that plaintiff's mental health impairments simply did not result in any relevant functional limitations, or because the ALJ mistakenly neglected to make that determination in the first instance, cannot be gleaned from the face of the decision. *See David Q. v. Commissioner*, 2022 U.S. Dist. LEXIS 47748 at *14-*15 (W.D.N.Y. 2022)(an ALJ's discussion of mental health evidence to support a finding of non-severity at Step Two does not "relieve him of the obligation to further assess plaintiff's mental health impairment in the RFC portion of his decision").

For these reasons, remand is necessary, both to reconsider the severity of plaintiff's mental impairments at Step Two, and to ensure that the resulting decision documents the ALJ's consideration of whether and to what extent plaintiff's mental limitations – regardless of severity – impact his RFC. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987)("[w]here there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles"); *Rogers v. Berryhill*, 2017 U.S. Dist. LEXIS 129517 at *9-*10 (W.D.N.Y. 2017)(remand is required where "although the ALJ's step two conclusion contained a

boilerplate statement that he considered [claimant's] nonsevere impairments when creating the RFC . . . his RFC analysis does not discuss [claimant's] depression or explain why the RFC lacked any related mental limitations," making it "impossible for . . . the Court to know whether the ALJ considered her depression when he determined her RFC").

## CONCLUSION

For the foregoing reasons, plaintiff's motion to vacate the ALJ's decision and remand the matter (Dkt. #8) is granted, and the Commissioner's cross motion for judgment on the pleadings (Dkt. #9) is denied.

This matter is remanded for further proceedings consistent with this opinion, including reassessment of plaintiff's impairments beginning at Step Two, a detailed analysis of whether and to what extent plaintiff's severe and non-severe impairments limit his ability to perform work-related functions, redetermination of plaintiff's RFC, and the issuance of a new decision.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       May 8, 2023.